People v Aranbayev (2026 NY Slip Op 50009(U))

[*1]

People v Aranbayev

2026 NY Slip Op 50009(U)

Decided on January 8, 2026

District Court Of Nassau County, First District

Levine, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on January 8, 2026
District Court of Nassau County, First District

The People of the State of New York,

againstRobert Aranbayev, Defendant(s)

Docket No. CR-004788-25NA

Mahmoud R. Rabah, Esq., Attorney for Defendant, 118-35 Queens Boulevard, Suite 1220, Forest Hills, NY 11375; Anne Donnelly, District Attorney of Nassau County, 262 Old Country Road, Mineola, NY 11501

David I. Levine, J.

The following named papers numbered 2
submitted on this motion                                                                                 Papers NumberedNotice of Motion and Affirmation Annexed                               1Affirmation and Supporting Memorandum of Law in Opposition 2
The Defendant is charged with three class A misdemeanors: PL §§ 220.03 (2 counts) and 155.25. He has moved this Court for relief pursuant to CPL §§ 30.30; 245; and 170.30.
The Defendant was arraigned on March 11, 2025, and released. He was directed to appear in Part 15 with a retained attorney.
On March 18, 2025, the matter was adjourned at the Government's request to April multiple times. Exactly ninety (90) days later, on June 16, 2025, the Government filed its Certificates of Compliance (COC) and Readiness (COR).
Supplemental COC and COR were filed on October 21, 2025. Those Certificates contained laboratory reports dated October 7, 2025.
The Defense claims that that the Government's initial Certificates of Compliance (COC) and Readiness (COR) should be invalidated due to fatal deficiencies. Specifically, that the Government failed to provide a laboratory report required to establish that the contraband recovered were, in fact, controlled substances.
The Government counters that since it exercised due diligence in attempting to obtain the lab report, the COC and COR are valid.
In order for a person to be convicted of violating PL § 220.03, the Government is required to prove, from all the evidence beyond a reasonable doubt, each of the following elements:
1. That the defendant possessed a controlled substance and2. That the defendant did so knowingly and unlawfully.The only way that the Government can establish that the contraband seized was a controlled substance is by presenting evidence that the contraband was tested and that the results reflected the presence of a controlled substance.
On June 16, 2025, the Government did not have any legally sufficient evidence to establish that the Defendant committed the offense of Criminal Possession of a Controlled Substance in the Seventh Degree. Had the Court ordered that a trial commence on that date, Government could not have been ready.
The Government claims that it exercised due diligence in attempting to obtain said laboratory reports. While this may be true, it does not allow for the announcement of trial readiness when the Government didn't possess the requisite evidence to establish an element of the crimes charged.
The Government's reliance on People v. Bay, 41 NY3d 200, 211 (2023) is misplaced as the issue isn't whether due diligence was exercised in requesting evidence but, that diligence wasn't exercised by the Government in testing the controlled substance. 
The Government attempts to conflate the failure to obtain a laboratory report with the failure to obtain medical records in an assault case. Unlike a laboratory report, medical records are not legally required to establish an element of the offense of assault.
In addition, the testing agency is an arm of the Police Department unlike the medical provider who is in independent. The Police Department's failure to perform the relatively mundane task of testing controlled substances is not an extraordinary circumstance.
While the Court must defer to the mitigating language in CPL § 245.50(5), the factors, when applied here, require invalidation of the COC and COR.
1. No effort was made to timely test the contraband. Either the NCPD or the District Attorney could have submitted to evidence to another accredited lab for testing.2. The discovery was not voluminous. 3. The instant matter is not complex.4. The prosecutor knew that the missing report was vital for a valid prosecution.5. The missing report was neither duplicative nor insignificant.6. The omission wasn't corrected immediately but, rather, four (4) months later.7. The failure to provide the corpus of the case must be considered prejudicial. Inasmuch as the Government could not have been ready for trial until the controlled substances were tested on October 7, 2025, the COC and COR filed on June 16, 2025, were illusory and must be invalidated.
The Government's request for a hearing on the matters raised herein is denied as a hearing is not required by statute and there are no issues of fact in dispute.
Since for than ninety (90) days of chargeable time have elapsed, the instant matter must be dismissed. CPL § 30.30(2) and 170.30(1)e.
So ordered.
DISTRICT COURT JUDGEDated: January 8, 2026